# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50123 | **DATE** | 12/19/2011 |
| **CASE TITLE** | Randall v. City of Rock Falls, et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' motions to dismiss [28] [31] are granted.  Counts I through IV are dismissed with prejudice as to the Sterling and Rock Falls Police Departments, and as to IPRB, IDOC, and the parole agent defendants in their official capacities.  As to the remaining defendants, Counts I through IV are dismissed without prejudice. The court will relinquish jurisdiction over the supplemental state law claims.  This case is closed.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Willie Randle, has filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983 against various state and municipal defendants in connection with his arrest on March 18, 2009.  Presently before the court are defendants' motions to dismiss the first amended complaint.  For the following reasons, the motions are granted.

### I. FACTS

In his first amended complaint, plaintiff names the City of Rock Falls; the Rock Falls Police Department; the City of Sterling; the Sterling Police Department; the Illinois Prisoner Review Board (IPRB); the Illinois Department of Corrections (IDOC); Parole Agents Sturch, Phillips, and Iler; and Sterling Police Lieutenant Morgan.  All defendants are sued in their individual and official capacities.  Plaintiff alleges that defendants conspired to violate his constitutional rights when the Rock Falls Police Department provided false information that plaintiff, who was serving a term of mandatory supervised release at the time, was in unlawful possession of a weapon.  This information led to plaintiff's March 18, 2009 arrest and his being charged with unlawful possession of a controlled substance with intent to deliver.

The amended complaint contains eight counts, each seeking relief against all defendants. Count I is a § 1983 claim for false arrest in violation of the Fourth Amendment.  Count II is a § 1983 claim for deliberate indifference in violation of the Eighth Amendment.  Count III is a § 1983 claim for deprivation of Fourteenth Amendment equal protection. Count IV is a § 1983 claim for deprivation of Fourteenth Amendment due process.  Counts V through VIII are state-law claims for wrongful imprisonment, negligence, intentional infliction of emotional distress, and conspiracy.

### II. ANALYSIS

Defendants have filed motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), collectively arguing that (1) plaintiff's federal claims are barred under Heck v. Humphrey, 512 U.S. 477 (1994); (2) IPRB, IDOC, and the parole agent defendants in their official capacities are immune from suit under

**STATEMENT**

the Eleventh Amendment; (3) the police departments are not suable entities and must be dismissed from this suit; (4) plaintiff fails to state a Monell claim against the City of Sterling; (5) plaintiff has failed to state a claim for conspiracy; and (6) plaintiff's state law claims are bared by the one-year statute of limitations with respect to the municipal defendants. The court finds that defendants' first three arguments have merit and are dispositive with respect to this court's jurisdiction over all the claims. Consequently, this court need not address the balance of defendants' arguments.

First, as noted in this court's order of May 28, 2010, police departments are not suable entities under § 1983. See Chan v. Wodnicki, 123 F.3d 1005, 1007 (7th Cir. 1997); see also Best v. City of Portland, 554 F.3d 698 n.1 (7th Cir. 2009). Thus, Counts I through IV are dismissed with prejudice as to the Sterling and Rock Falls Police Departments.

Second, states and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Johnson v. Ill. Supreme Court, 165 F.3d 1140, 1141 (7th Cir. 1999). Also, while Congress can abrogate state sovereign immunity, § 1983 does not abrogate the Eleventh Amendment immunity of a state and its agencies from suit in federal court. See Meadows v. Ind., 854 F.2d 1068, 1070 n.3 (7th Cir. 1988). Claims against state employees in their official capacities are deemed, of course, to be claims against a state for Eleventh Amendment purposes. See Ky. v. Graham, 473 U.S. 159, 165–66 (1985); Garcia v. City of Chi., 24 F.3d 966, 969 (7th Cir. 1994). Thus, Counts I through IV are dismissed with prejudice as to IPRB, IDOC, and the parole agent defendants in their official capacities.

Third, defendants argue that because success on plaintiff's federal claims would be inconsistent with a conviction on the charge pending against plaintiff in state court, these claims are barred by Heck. The court agrees. Plaintiff's § 1983 claims alleged in Counts I through IV are based on allegations that plaintiff was unlawfully detained and arrested and that his residence was searched without probable cause. Plaintiff also alleges that, as a result, he was charged with unlawful possession of a controlled substance with intent to deliver. Plaintiff's claims for damages due to the alleged unlawful detention, arrest, and search, if successful, would be inconsistent with a potential conviction on the charge pending against him in Whiteside County. See Snodderly v. R.U.F.F. Drug Enforcement Task Force, 239 F.3d 892, 898 n.8 (7th Cir. 2001) ("[W]e have interpreted Heck as barring damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge."); see also Smith v. Holtz, 87 F.3d 108, 113 (3d Cir. 1996) ("If [a claim for civil damages] could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit."). Therefore, as to the remaining defendants, Counts I through IV will be dismissed without prejudice. If at some point in the future, plaintiff is acquitted on the drug charge arising out his March 18, 2009 arrest or a resulting conviction is, "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," Heck, 512 U.S. at 486-87, he may then file a new lawsuit.

### III. CONCLUSION

Because plaintiff has not stated a federal claim upon which relief can be granted, defendants' motion to dismiss Counts I through IV is granted. These claims are dismissed with prejudice as to the Sterling and Rock Falls Police Departments, and as to IPRB, IDOC, and the parole agent defendants in their official capacities. As to the remaining defendants, Counts I through IV are dismissed without prejudice. The court will relinquish jurisdiction over the remaining supplemental state law claims rather than resolve them on the merits. See 28 U.S.C. § 1367(c)(3); Williams v. Rodriguez, 509 F.3d 392, 404 (7th Cir. 2007). The court expresses no opinion as to the merit of plaintiff's state law claims and they are dismissed without prejudice to plaintiff proceeding with them in state court.